# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JIMMIE H. ROGERS,

      Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,

      Agency.

DOCKET NUMBERS
DE-0432-14-0637-C-1
DE-0432-14-0352-C-1

DATE: December 21, 2022

## THIS ORDER IS NONPRECEDENTIAL[*]

Jimmie H. Rogers, Fountain, Colorado, pro se.

Melissa Lynn Binte Lolotai, Denver, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1     The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      The parties settled the appellant's joined appeals:  MSPB Docket Nos. DE-0432-14-0637-I-1 and DE-0432-14-0352-I-1.  *Rogers v. Department of Veterans Affairs*, MSPB Docket No. DE-0432-14-0352-I-1, Initial Appeal File (IAF), Tab 29, Initial Decision.  The initial decision dismissing the appeals as settled became the Board's final decision after neither party filed a petition for review.  5 C.F.R. § 1201.113.  The appellant filed a petition to enforce the parties' settlement agreement on May 1, 2015, in which he argued that the agency had breached its obligations to allow him to inspect his Official Personnel File and to remove documents concerning the rescinded personnel actions from it.  *Rogers v. Department of Veterans Affairs*, MSPB Docket No. DE-0432-14-0637-C-1, Compliance File (CF), Tab 1.  He also contended that the agency was trying to collect a debt from him, despite having waived all pending and potential claims in the parties' agreement.  *Id.*

¶3      In response to the administrative judge's close-of-record order, the appellant further alleged that an employer had contacted him to report that, despite having called the correct telephone number and speaking with the individual designated in the parties' settlement agreement to respond to any employment inquiries, the designated individual did not provide the information agreed upon in the settlement.  CF, Tab 14.  The administrative judge issued a show cause order instructing the appellant to file a declaration from the "unnamed employer" that "should be very specific about who the declarant is, when the conversation occurred with the unnamed agency employee . . . and details of the conversation between the declarant and the unnamed agency employee."  CF, Tab 18 at 2.  In response, the appellant submitted a declaration from the unnamed employer, M.K., in which M.K. averred that "I called [the designated individual] . . . on or about August 7, 2015.  She said that she had no information about [the appellant], but she has 3,500 employees to try to keep track of.  She said to call a [different individual] at [a different telephone number]."  CF, Tab 19 at 2.

¶4      In her compliance initial decision, the administrative judge denied the appellant's petition for enforcement, finding that the appellant failed to make a nonfrivolous allegation that the agency breached the parties' agreement in any way. CF, Tab 30, Compliance Initial Decision (CID). In pertinent part, she found that he failed to nonfrivolously allege a breach of the employment inquiries provision because M.K.'s declaration "failed to identify who [M.K.] was and whether he was a prospective employer conducting a reference check." CID at 4.

¶5      The appellant, who is pro se in this matter, argues in his petition for review that he followed the administrative judge's order "to the letter," contending that the administrative judge's statements indicate that she already knew that M.K. was an employer. *Rogers v. Department of Veterans Affairs*, MSPB Docket No. DE-0432-14-0637-C-1, Compliance Petition for Review (CPFR) File, Tab 1. The agency responds in opposition to the appellant's petition for review. CPFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The Board has authority to enforce a settlement agreement that has been entered into the record for enforcement purposes in the same manner as any final Board decision or order. *E.g.*, *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010). A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Id.* When an appellant alleges noncompliance with a settlement agreement, the agency must produce relevant, material, and credible evidence of its compliance with the agreement. *Id.* The ultimate burden, however, remains with the appellant, as the party seeking enforcement, to prove breach by a preponderance of the evidence. *Id.*

<u>The appellant nonfrivolously alleged that the agency failed to comply with the parties' agreement.</u>

¶7    In rejecting the declaration the appellant submitted in support of his allegation that the agency breached the parties' agreement, the administrative judge cited the appellant's failure to "identify who [M.K.] was and whether he was a prospective employer conducting a reference check." CID at 4. However, her order did not instruct the appellant to state whether the declarant was a prospective employer and, by "who [M.K.] was," we presume that the administrative judge meant for the declarant to identify the employer on whose behalf M.K. made his inquiry, but she did not explain her intent either in the compliance initial decision or in the show cause order to which the appellant responded. *Id.*; CF, Tab 18 at 2. Under these circumstances, we agree with the appellant that M.K.'s declaration meets the letter of the administrative judge's order. CPFR File, Tab 1 at 1; CF, Tabs 18-19.

¶8    Further, the parties' agreement required the appellant to direct any employment inquiries to a particular designated individual. IAF, Tab 28 at 4-5; CF, Tabs 14, 19. The agreement further required that, for a period of 2 years following the agreement, if that individual or her designee received an employment inquiry regarding the appellant, she would provide the dates of his service, his rate of pay, a description of his duties, and that he resigned for personal reasons. IAF, Tab 28 at 5. In his unrebutted declaration, M.K. averred that the designated individual responded by stating that she had no information about the appellant and referring him to someone else. CF, Tab 19 at 2. We find that the appellant's allegations constitute nonfrivolous allegations that the agency breached the provision of the agreement pertaining to employment inquiries. *See, e.g.*, *Miller v. Department of Health & Human Services*, 41 M.S.P.R. 385, 386-88, 391-92 (1989) (finding breach when an individual other than the one identified in the agreement provided a negative reference to the appellant's prospective employer). Accordingly, we must remand this petition for enforcement to the

field office for the agency to produce relevant, material, and credible evidence of its compliance with the parties' settlement agreement, and for the administrative judge to determine whether the appellant established by preponderant evidence that the agency breached the parties' agreement. *Vance*, 114 M.S.P.R. 679, ¶ 6.

**ORDER**

¶9    For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                               /s/ for
                                    ————————————————————
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.